## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ERICK K. KIMBUGWE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 14-2140 (KM) (MAH) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| L. ROY HENDRICKS, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**KEVIN MCNULTY, U.S.D.J.**

### I.      INTRODUCTION

The plaintiff, Erick K. Kimbugwe, was an immigration detainee at the Essex County Correctional Facility ("ECCF") in Newark, New Jersey. (It appears that he has been released.) He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983, arising from his time at ECCF. The complaint seeks both declaratory and monetary relief. Mr. Kimbugwe's application to proceed *in forma pauperis* will be granted based on the information provided therein.

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed without prejudice.

### II.      BACKGROUND

The allegations of the complaint will be considered true for purposes of this screening. Mr. Kimbugwe was housed at the ECCF, not as a prisoner serving a sentence, but as an

immigration detainee. Mr. Kimbugwe states that he suffered second degree burns while working in the ECCF kitchen.

Mr. Kimbugwe names the following individuals as defendants: (1) L. Roy Hendricks – Warden ECCF; (2) Timothy Kizer – Officer ECCF; and (3) Sergeant Blanford – ECCF. The complaint alleges that Hendricks, Kizer and Blanford, as prison officials, should have inspected and made sure there was protective equipment available for the kitchen workers at the ECCF. Their failure to do so allegedly constituted negligence and deliberate indifference.

### III.    STANDARD OF REVIEW

A. Standard for *Sua Sponte* Dismissal

District courts must review complaints in those civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). The statute directs district courts to dismiss *sua sponte* any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. That analysis is sometimes informally referred to as "screening."

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam; not precedential) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)). Under that standard, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive screening, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct allege." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). While *pro se* pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

B. <u>Section 1983 Actions</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory or the
> District of Columbia, subjects, or causes to be subjected, any
> citizen of the United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress, except that in any action brought against a
> judicial officer for an act or omission taken in such officer's
> judicial capacity, injunctive relief shall not be granted unless a
> declaratory decree was violated or declaratory relief was
> unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV.    DISCUSSION

Because Mr. Kimbugwe was an immigration detainee, his claims of negligence or deliberate indifference are analyzed under the Fourteenth Amendment Due Process Clause. *See Adekoya v. Chertoff*, 431 F. App'x 85, 88 (3d Cir. 2011) (not precedential; per curiam) (stating

3

that an immigration detainee is entitled to the same protections as a pretrial detainee and that a pretrial detainee's challenge to conditions of confinement is analyzed for "a violation of the Due Process Clause of the Fourteenth Amendment"). That due process standard is one of "deliberate indifference." *See Harvey v. Chertoff*, 263 F. App'x 188, 191 (3d Cir. 2008) (not precedential; per curiam) (applying deliberate indifference standard to immigration detainee's claim of inadequate medical care); *Lizama v. Hendricks*, No. 13-3177, 2014 WL 673103, at *6 (D.N.J. Feb. 20, 2014) (same).

Thus the defendants in this case might be liable "if by act or omission they display[ed] a deliberate indifference to a known risk of substantial harm to an inmate's health or safety." *Barkes v. First Corr. Med., Inc.*, No. 12-3074, - F.3d -, 2014 WL 4401051, at *11 (3d Cir. Sept. 5, 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)). Officials are deliberately indifferent if they are aware of a substantial serious risk of harm but disregard that risk by failing to take reasonable measures to abate it. *See Goodrich v. Clinton Cnty. Prison*, 214 F. App'x 105, 110 (3d Cir. 2007) (not precedential; citing *Farmer*, 511 U.S. at 837).

The claims against Hendricks and Blanford, supervisors at ECCF, seem to rest in part on on a *respondeat superior* theory. Section 1983, however, does not incorporate *respondeat superior*. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). To the extent the claims rest on such a theory, they must be dismissed.

Whether they are supervisors or not, however, defendants may be liable if they had personal involvement in the alleged wrongs. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also In re Bayside Prison Litig.*, No. 97-5127, 2007 WL 327519, at *5 (D.N.J. Jan. 30, 2007). Personal involvement can be shown through actual participation, personal

4

direction, or actual knowledge and acquiescence. *See Rode*, 845 F.2d at 1207; *see also Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Mr. Kimbugwe alleges that all three defendants were deliberately indifferent because they failed to make sure that there was protective equipment in the kitchen. The complaint does not, however, contain the necessary allegation that any of the defendants were aware of a specific safety problem that caused Mr. Kimbugwe to be burned. Indeed, the complaint fails to describe how Mr. Kimbugwe came to be injured at all. It fails to allege specific facts from which a defendant could have inferred that there was a substantial risk of harm to Mr. Kimbugwe. It does not allege that defendants actually drew that inference, and ignored that risk, or that the risk was the one that actually materialized and caused the injury complained of. The complaint does not allege what safety equipment was missing, or how it would have prevented the plaintiff's injury.

In short, the complaint alleges "deliberate indifference" as a legal conclusion, but does not allege concrete facts from which deliberate indifference could plausibly be inferred. Under the pleading standards of *Iqbal* and *Twombly, supra,* it does not state a cause of action. *See Newman v. Morgan*, No. 12-0664, 2012 WL 3150535, at *3 (D. Del. Aug. 1, 2012) (plaintiff failed to state deliberate indifference claim where complaint failed to allege that defendants were aware of the problem or that they had knowledge of specific facts from which an inference could be drawn that there was a substantial risk of harm to plaintiff); *Beers-Capitol v. Whetzel*, 256 F.3d 120, 125 (3d Cir. 2001) (noting that prison official "must actually have known or been aware of the excessive risk to inmate safety"). Accordingly, the federal claims in the complaint will be dismissed. That dismissal, however, is without prejudice to the filing of an amended complaint that contains sufficient factual allegations.

To the extent Plaintiff may also be asserting state law claims, they will be dismissed as well. Diversity of citizenship is not alleged. *See* 28 U.S.C. § 1332. The only potential basis for federal-court jurisdiction over such state law claims would be supplemental jurisdiction under 28 U.S.C. § 1367. When a court has dismissed all claims over which it had original federal-question jurisdiction, it has the discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). I have dismissed all federal claims, and there has been no significant investment of resources. I will therefore exercise my discretion to decline supplemental jurisdiction over the state law claims.

## V.   REQUEST FOR APPOINTMENT OF COUNSEL

Mr. Kimbugwe has requested appointment of counsel. (*See* Dkt. No. 2.)  Indigent persons raising civil rights claims have no absolute right to counsel. *See Parnham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). A court will consider the following:  (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. *See Tabron v. Grace*, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993); *see also Cuevaas v. United States*, 422 F. App'x 142, 144-45 (3d Cir. 2011) (per curiam) (reiterating the *Tabron* factors).

Analyzing these factors, I will deny Mr. Kimbugwe's request for the appointment of counsel. At this stage, no viable claims have been pleaded. Even if they had, it would be difficult to analyze the *Tabron* factors at this early stage. *See Miller v. New Jersey Dep't of Corr.*, No. 08-3335, 2009 WL 482379, at *15 (D.N.J. Feb. 25, 2009) (citing *Chatterjee v. Phila. Fed'n of*

*Teachers*, Nos. 99-4122, 99-4233, 2000 WL 1022979 (E.D. Pa. July 18, 2000)). So far as it can

be ascertained, the issues in this case appear to be fairly straightforward. The request for

appointment of counsel will be denied, without prejudice to a later application should

developments in the case appear to warrant it.

## VI.    CONCLUSION

For the foregoing reasons, Mr. Kimbugwe's federal claims will be dismissed without

prejudice and the Court will decline supplemental jurisdiction over his state law claims. The

motion for appointment of counsel is denied. An appropriate order will be entered.

DATED: October 2, 2014

_____
KEVIN MCNULTY
United States District Judge